UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABINO ROJAS,

    Plaintiff,

v.                                    CASE NO.: 8:10-CV-2511-T-23AEP

CHINA MAX OF COUNTRYSIDE
MALL, INC., et al.,

    Defendants.
_____/

**O R D E R**

THIS MATTER comes before the Court on Plaintiff's **Motion for Protective Order** (Dkt. No. 12) filed on November 22, 2010. By his Motion, Plaintiff moves for the entry of a protective order prohibiting Defendants from seeking any discovery regarding Plaintiff's immigration status, tax return information, or social security cards. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), alleging that he was not compensated for overtime hours while employed by Defendants. (*See* Dkt. No. 6.) Defendants have served discovery on Plaintiff relating to his immigration status, his income tax returns, and social security cards. Plaintiff seeks a protective order arguing that this information is not relevant to the claims in this action and that the requests are an improper attempt by Defendants "to harass Plaintiff and attempt to scare him in an effort to drop his claims against Defendant." (Dkt. No. 12 at 1.)

**II.     LEGAL STANDARD**

The scope of discovery is governed by Rule 26(b) of the Federal Rules of Civil Procedure. Pursuant to that rule, litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Nevertheless, Rule 26(c) authorizes a court, for good cause, to issue an order limiting the extent of discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is upon the party seeking a protective order to show good cause. *Grams v. Am. Med. Instruments Holdings*, No. 3:08-cv-1060-J-12MCR, 2009 WL 2926844, at *5 (M.D. Fla. Sept. 14, 2009). "This burden contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id*. (internal citations and quotations omitted). Moreover, "[t]o make a showing of good cause, the movant has the burden of showing the injury with specificity." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citations and quotations omitted). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection" and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id*.

**III.    ANALYSIS**

In the instant case, Plaintiff objects to discovery concerning his immigration status on the basis that such information is not relevant and is prejudicial. Defendants, in turn, argue

2

that such information is necessary to establish the identity of Plaintiff and enable discovery into Plaintiff's criminal background and other employment and financial records to demonstrate how must Plaintiff actually earned. As Plaintiff points out, nearly all courts considering this issue have held "that defendants typically are not entitled to information related to the immigration status of plaintiffs seeking FLSA relief." *Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 WL 2573974, at *3 (S.D. Fla. June 24, 2010). Thus, "[e]ven where it is arguable that information concerning a plaintiff's immigration status may be relevant, courts have generally held that the potential for prejudice far outweighs whatever minimal probative value such information would have." *Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (citations and quotations omitted).

In accord with the prevailing legal standard, the Court finds that Plaintiff has established good cause for the issuance of a protective order barring discovery concerning his immigration status or social security number. While the Court recognizes that such information may arguably be relevant, the prejudice from its disclosure far outweighs any benefits to Defendants. Indeed, Defendants may seek to ascertain the identity and work history of Plaintiff through other means of discovery, such as sworn affidavits attesting Plaintiff's identity, interrogatories, etc. Nonetheless, such information must be obtained in a manner that does not reveal Plaintiff's immigration status. *See Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 WL 2573974 (S.D. Fla. June 24, 2010) ("The Defendants in this case have not provided any particular reason for needing information related to Plaintiffs' status other than to ascertain the identity of the Plaintiffs. Therefore, in

this case, the Defendants are not entitled to discovery which reflects the immigration status of the Plaintiffs."). Accordingly, Plaintiff's request for a protective order is granted with respect to those discovery requests that seek his social security number or directly or indirectly inquire into his immigration status.

Plaintiff also seeks to prevent disclosure of his tax returns on the basis that they are not relevant and "are yet another attempt to discover Plaintiff's immigration status." (Dkt. No. 12 at 5.) Defendants, on the other hand, contend that the tax records are relevant as they will contain Plaintiff's income, from which Plaintiff's hours can be extrapolated. (Dkt. No. 14 at 1.) Defendants also assert that Plaintiff's tax returns "are needed to demonstrate the consistency of Plaintiff's income claims or lack thereof." (*Id*. at 2.) According to Defendants, "[i]f Plaintiff, in a prior statement, made claims inconsistent to this [*sic*] present claims, said claims are relevant to the issue of credibility as well as to what hours Plaintiff worked and what income he earned." (*Id*.) The Court finds that Plaintiff's tax records may contain relevant information to the instant action.[1] Defendants argue that Plaintiff did not work

---

[1] Plaintiff contends that beyond the relevance requirements of Rule 26, Defendants must also show a compelling need for for the returns because the information is not "otherwise obtainable." (Dkt. No. 12 at 5.) The Court acknowledges that a number of courts have concluded that tax returns are entitled to enhanced protection. *See Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2005 WL 2105024, at *1 (S.D. Fla. Aug. 29, 2005) (comparing cases requiring heightened standard for discovery of tax returns with those requiring only a showing of relevance). This Court, however, as well as recent decisions from the Southern District of Florida, have required only that the tax returns be relevant to the litigation within the meaning of Rule 26. *See Weber v. Finker*, No. 3:07-MC-27, 2008 WL 1771822, at *8 (M.D. Fla. Apr. 15, 2008); *New Hampshire Indem. Co. v. Reid*, No. 3:05-cv-1280, 2007 WL 2972618, at *7 (M.D. Fla. July 27, 2007); *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, (M.D. Fla. 1990); *see also Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2008 WL 4500258, at *4 (S.D. Fla. Oct. 3, 2008);

4

<a>
</a>

<a>
</a>

overtime and Plaintiff's tax records may reveal whether Plaintiff in fact worked in excess of forty hours. Accordingly, the Court finds that Plaintiff has not shown good cause for preventing the disclosure of his tax records. Nonetheless, Defendants are not entitled to Plaintiff's tax returns to the extent that such records reveal Plaintiff's immigration status. To address these concerns, the Court directs that the tax records be turned over in a redacted form, such that only the relevant financial information is revealed.

### IV.   CONCLUSION

Upon due consideration, it is **ORDERED** that Plaintiff's **Motion for Protective Order** (Dkt. No. 12) is **GRANTED in part and DENIED in part** as provided herein.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of December, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

Counsel of Record

---

*Bellosa v. Universal Tile Restoration, Inc.*, No. 08-60054-CIV, 2008 WL 2620735, at *4 (S.D. Fla. June 30, 2008); *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-20976-CIV, 2008 WL 728540, at *3 (S.D. Fla. Mar. 17, 2008); *United States v. Certain Real Prop.*, 444 F. Supp. 2d 1258, 1262-63 (S.D. Fla. 2006). Thus, the Court will not require a compelling need for production of tax returns where they are relevant to the litigation.